UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WILLIAM VANGUILDER,

                Plaintiff,

  -against-

HON. RICHARD C. GIARDINO,

              Defendant.
-------------------------------------------------------------x

IRIZARRY, United States District Judge.

FILED
IN CLERK'S OFFICE
                M.Y:
         2005  ★
    A.M. _____

MEMORANDUM AND ORDER
05-CV-2003 (DLI)

Plaintiff, *pro se*, files the present action pursuant to 42 U.S.C. § 1983 against defendant Richard C. Giardino, a Criminal Court Judge located in Schenectady County.[1] Plaintiff seeks his immediate release from jail. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the following reasons.

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(b);  Liner v. Goord, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal

---

[1] Although the cause of action giving rise to this claim occurred in Schenectady, New York, this Court declines to transfer this action in the interest of justice.  28 U.S.C. § 1406 (a).

of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of any state law, deprives another of a federal constitutional or statutory right. Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Here, plaintiff seeks his immediate release from jail, that all felonies against him be expunged from his record, and that the order of protection that was issued against him be dismissed. See Compl. at 6, Relief ¶ V. However, since "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement," Wilkinson v. Dotson, --- U.S. ----, 125 S.Ct. 1242, 1245 (2005) (quoting Preiser v. Rodriquez, 411 U.S. 475, 489 (1973)) plaintiff cannot circumvent the exhaustion requirements for bringing a federal habeas corpus petition under 28 U.S.C. § 2254 by filing this civil rights complaint under 42 U.S.C. § 1983.

In addition, Judge Giardino is absolutely immune to plaintiff's claims arising out of the underlying criminal proceedings. See Compl. at 5, Statement of Claim ¶ IV. Here, plaintiff alleges that Judge Giardino "didn't take about 20 letters of character witness into consideration during the time of sentencing [and] he ordered a 10 year order of protection keeping me away from my children . . . " Id. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11,13. The only way that this immunity can be overcome is if the court is alleged to have taken nonjudicial actions or if the

2

judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12; see also Tucker v. Outwater, 118 F.3d 930, 932-33 (2d Cir. 1997) (flawed or erroneous exercise of authority does not deprive judge of immunity), Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990); Sharp v. Bivona, 304 F.Supp.2d 357, 363-64 (E.D.N.Y. 2004). Here, plaintiff's allegations against Judge Giardino all arise out of the Judge's actions during plaintiff's criminal proceedings.

In the present case, plaintiff seeks injunctive relief rather than money damages. Traditionally, although claims for monetary damages have been foreclosed, claims for prospective injunctive relief have been permitted pursuant to 42 U.S.C. § 1983 against judicial officers acting in their official capacities. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). On October 19, 1996, Congress enacted the Federal Courts Improvement Act of 1996 ("FCIA"), and legislatively reversed Pulliam in several important respects. Significantly, the FCIA amended 42 U.S.C. § 1983 to state that " . . . in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); see e.g., Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2005); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999); Arena v. Department of Social Services of Nassau County, 216 F.Supp.2d 146, 154 (E.D.N.Y. 2002); Jones v. Newman, No. 98-CIV-7460, 1999 WL 493429, at * 6 (S.D.N.Y. June 30, 1999); Ackerman v. Doyle, 43 F.Supp.2d 265, 272 (E.D.N.Y. 1999); Kampfer v. Scullin, 989 F.Supp. 194, 201 (N.D.N.Y. 1997). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable, and thus the 1996 amendments to § 1983 bar plaintiff's claim against Judge Giardino for injunctive relief.

## CONCLUSION

Accordingly, the complaint is dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A . The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Signed /

DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
May 23, 2005

4